1   Denise L. Díaz, SBN 159516
2   **DIAZ LAW**
    P.O. Box 211444
3   Chula Vista, CA 91921
    Telephone: 650.208.0193
4   Facsimile:  267.276.6067
    E-mail: denise@diaz-law.com
5

6   Phillip A. Bock (pro hac vice to be sought)
    Tod A. Lewis (pro hac vice to be sought)
7   **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**
8   134 N. La Salle St., Ste. 1000
    Chicago, IL  60602
9   Telephone:  312-658-5500
    Facsimile:  312-658-5555
10

11  *Attorneys for Plaintiff*
12  *SUPPLY PRO SORBENTS, LLC*

13              **UNITED STATES DISTRICT COURT**
14
15              **NORTHERN DISTRICT OF CALIFORNIA**

16                 **SAN FRANCISCO DIVISION**

17  SUPPLY PRO SORBENTS, LLC, a          )  Case No.: 16-cv-2113-
18  Texas limited liability company,     )
    individually and as the representative )  **CLASS ACTION COMPLAINT FOR**
19  of a class of similarly-situated persons, )  **DAMAGES**
                                          )
20                 Plaintiff,             )
                                          )
21                                        )
    v.                                    )
22                                        )
                                          )
23  RINGCENTRAL, INC.,                    )
                                          )
24                 Defendant.             )
                                          )
25                                        )
                                          )
26  _____ )

27

28

                              1

Plaintiff, Supply Pro Sorbents, LLC ("Plaintiff"), brings this action on behalf of itself and all others similarly-situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against RingCentral, Inc. ("RingCentral"):

**PRELIMINARY STATEMENT**

1.     This case challenges RingCentral's practice of adding its unsolicited advertisement to the cover pages of documents sent by facsimile.

2.     RingCentral operates a cloud-based business communications service. As part of that service, RingCentral provides its users a system through which RingCentral sends and receives users' faxes. RingCentral provides form fax cover sheets to be used with outgoing faxes. <u>Exhibit B</u>, copies of RingCentral's form fax cover sheets. Each of RingCentral's form cover sheets automatically includes an advertisement for RingCentral's goods or services at the bottom. Most users are unaware of RingCentral's practice of sending its own advertisement with the users' facsimiles but, in any event, users cannot delete or alter RingCentral's advertisement before transmission and RingCentral is directly liable for its own advertisement.

3.     The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA") (including the FCC's regulations promulgated thereunder), prohibits a person from sending any advertisement by facsimile without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").

4.     The TCPA requires that every advertisement sent by facsimile must include a very specific opt-out notice clearly and conspicuously displayed on the first page. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5.     "A facsimile broadcaster will be liable for violations of paragraph (a)(4) of this section, including the inclusion of opt-out notices on unsolicited

advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200 (a) (4) (vii).

6.    The TCPA provides a private right of action and provides statutory liquidated damages of $500 per violation. If the Court finds the advertisements were sent knowingly or willfully, then the Court may treble those damages.

7.    Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

8.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against RingCentral under the TCPA and the common law of conversion.

9.    Plaintiff seeks an award of statutory damages for each violation of the TCPA, trebling, injunctive relief, attorney fees, and all other relief the Court deems appropriate under the circumstances.

## PARTIES, JURISDICTION AND VENUE

10.    Plaintiff is a Texas limited liability company with its principal place of business in Houston, Texas.

11.    RingCentral is a California corporation with its principal place of business in Belmont, California.

12.    This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 because they arise under the TCPA, a federal statute.

1  This court may exercise supplemental jurisdiction over Plaintiff's state law claim
2  pursuant to 28 U.S.C. § 1367.

3      13.    Venue is proper in the Northern District of California pursuant to 28
4  U.S.C. § 1391 because RingCentral is a California corporation with its principal
5  place of business in San Francisco making it subject to this court's personal
6  jurisdiction and, therefore, a resident of this district for the purpose of venue.

7                                      **FACTS**

8      14.    On or about April 13, 2016, Plaintiff received an unsolicited
9  advertisement by facsimile. *See* <u>Exhibit A</u>, a true and correct copy of the first page
10 of a four-page document Plaintiff received by fax (Plaintiff's fax number has been
11 redacted).

12     15.    RingCentral sent <u>Exhibit A</u> through its faxing system on behalf of one
13 of RingCentral's users.

14     16.    <u>Exhibit A</u> contains RingCentral's logo and encourages recipients to
15 sign up for RingCentral's paid faxing service by visiting RingCentral's website.

16     17.    Plaintiff did not expressly invite or permit anyone to send <u>Exhibit A</u> to
17 it by facsimile.

18     18.    <u>Exhibit A</u> does not contain an opt-out notice as required by the TCPA.

19     19.    RingCentral makes several coversheets for its users to attach to
20 outgoing faxes sent through RingCentral's faxing service. <u>Exhibit B</u>.

21     20.    Each of RingCentral's form fax coversheets includes the same
22 unsolicited advertisement for RingCentral's goods or services: "Send and receive
23 faxes with RingCentral, www.ringcentral.com" and "RingCentral®".

24     21.    RingCentral's users can choose which form coversheet they wish to
25 use, and have the option of attaching it to each outgoing fax by checking a box in
26 RingCentral's software or on RingCentral's webpage, but they cannot modify or
27 delete RingCentral's advertisement.

28

22. By including its advertisements in its form fax coversheets, RingCentral unlawfully shifts its advertising cost to the recipients of its users' faxes.

23. On information and belief, no fax recipient gave RingCentral prior express invitation or permission to transmit RingCentral's advertisement to them by fax.

24. RingCentral was the "sender" of the unsolicited advertisement at issue (*see* Exhibit A) or RingCentral demonstrated a high degree of involvement in the unlawful activity, by adding its own irremovable, unsolicited advertisement to the cover page and failing to include an opt-out notice.

25. On information and belief, RingCentral has sent faxes for its users containing one of RingCentral's form fax coversheets and RingCentral's standardized, irremovable advertisements to Plaintiff and more than 39 other persons without first obtaining their express permission or invitation. This allegation is based, in part, on the fact that Plaintiff never gave permission to anyone to send the subject fax advertisement to it, that Plaintiff never conducted business with RingCentral or the entity on whose behalf the fax was sent, and that sending advertisements by fax—especially piggybacking an advertisement onto another's message—is a very cheap way to reach a wide audience.

26. In any event, the existence of prior express invitation or permission or an established business relationship with RingCentral is irrelevant in this case because RingCentral failed to include an opt-out notice on its fax cover pages (*see* Exhibit A and Exhibit B). *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

27. There is no reasonable means for Plaintiff (or any putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

28.    Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of the Class, initially defined as follows:

> All persons who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability or quality of RingCentral's property, goods, or services and did not contain an opt-out notice on the first page of the fax transmission.

Plaintiff expressly reserves the right to modify the proposed class definition or propose subclasses.

29.    Excluded from the Class are RingCentral, any entity in which RingCentral has a controlling interest, RingCentral's officers, directors, legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, including his or her immediate family.

30.    This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.   This action satisfies the numerosity, commonality, typicality, and adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

31.    **Numerosity/Impracticality of Joinder:**  On information and belief, the Class includes thousands of persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members is unknown to Plaintiff, but can be obtained from RingCentral's records.

32.    **Commonality and Predominance:**    There is a well-defined community of interest and common questions of law and fact that predominate over

any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

a.     Whether RingCentral advertised the commercial availability or quality of its property, goods or services by adding the following language to its form fax cover sheets: "Send and receive faxes with RingCentral, www.ringcentral.com" or "RingCentral®";

b.     Whether RingCentral was the "sender" of those advertisements or, if not, whether RingCentral demonstrated a high degree of involvement in the unlawful activity by adding its own irremovable, unsolicited advertisement to its form cover pages for facsimile transmissions;

c.     Whether the Defendants violated the provisions of 47 U.S.C. § 227 or the regulations promulgated thereunder;

d.     Whether the faxes contain an "opt-out notice" that complies with the requirements of 47 U.S.C. 227 § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

e.     Whether RingCentral failed to include an opt-out notice on its form cover pages after adding irremovable, unsolicited advertisements to each of them;

f.     Whether RingCentral faxed advertisements without first obtaining the recipients' express permission or invitation;

g.     Whether RingCentral violated the TCPA's prohibition against sending unsolicited advertisements;

h.     Whether RingCentral's failure to include an opt-out notice violated the TCPA's requirements;

i.     Whether Plaintiff and the other Class members are entitled to statutory damages;

j.     Whether the Court should enjoin RingCentral from sending these unsolicited advertisements by facsimile;

k.     Whether the Court should award trebled damages; and

l.     Whether RingCentral's conduct as alleged herein constituted conversion.

33.     **Typicality of claims:**  Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the members of the Class are all individuals who received facsimiles containing RingCentral's unsolicited advertisements in violation of the TCPA and the FCC's regulations, and containing no opt-out notice as required by the TCPA and the FCC's regulations. Under the facts of this case, because the focus is upon RingCentral's conduct, if Plaintiff prevails on his claims, then the putative Class members must necessarily prevail as well.

34.     **Adequacy of Representation:**     Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the Class.

35.     **Prosecution of Separate Claims Would Yield Inconsistent Results:**     Even though the questions of fact and law in this action are predominately common to Plaintiff and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying results. Such inconsistent rulings would create incompatible standards for RingCentral to operate under if/when Class members bring additional lawsuits

concerning the same unsolicited fax advertisements or if RingCentral chooses to advertise by fax again in the future.

36. **Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate:** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION

### Violation of Telephone Consumer Protection Act, 47 U.S.C. § 227

37. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

38. Plaintiff brings the First Cause of Action against RingCentral on behalf of Plaintiff and a class of similarly-situated persons.

39. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

40. Every advertisement sent by facsimile must contain an opt-out notice. 47 U.S.C. 227 § (b)(1)(C)(iii); 47 C.F.R. 64.1200 (a) (4).

41. Defendants' facsimiles attached as Exhibit A and Exhibit B did not display a proper opt-out notice.

42.    "A facsimile broadcaster will be liable for violations of paragraph (a)(4) of this section, including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

43.    Under the facts and circumstances of this case, RingCentral is liable as the "sender" of the fax advertisements at issue or as a highly involved fax broadcaster.

44.    The TCPA provides:

    3.    <u>Private right of action</u>.    A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

        (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

        (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

        (C)    Both such actions.

U.S.C. § 227 (b) (3).

45.    The Court, in its discretion, can treble the statutory damages if RingCentral's conduct was knowing or willful.  47 U.S.C. § 227.

46.    RingCentral violated 47 U.S.C. § 227 *et seq.* by sending advertisements by fax (such as those contained in <u>Exhibit A</u> and <u>Exhibit B</u>) to Plaintiff and the other Class members without first obtaining their prior express invitation or permission to do so.

47.     RingCentral violated 47 U.S.C. § 227 et seq. or 47 C.F.R. § 64.1200 (a) (4) by not providing an opt-out notice as required by the TCPA.

48.     Facsimile advertising imposes burdens on recipients that are distinct from those imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients have the necessary contact information to opt-out of future fax transmissions. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the recipients are unable to stop the burdens imposed by this form of advertisement.

49.     The TCPA is a strict liability statute and RingCentral is directly liable to Plaintiff and the other Class members.

50.     RingCentral is liable to Plaintiff and the other Class members under the TCPA for not including an opt-out notice even if RingCentral ultimately proves that it obtained prior express consent to send the advertisements by fax or proves that it had an established business relationship ("EBR") with Plaintiff or other Class members; *i.e.*, the missing opt-out notice makes consent and EBR irrelevant.

51.     RingCentral knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for RingCentral or anybody else to fax advertisements about RingCentral's goods, products, or services, that Plaintiff and the other Class members did not have an established business relationship with RingCentral, that Exhibit A and Exhibit B promote the commercial availability or quality of RingCentral's goods or services, and that the facsimiles did not display the opt-out notice required by the TCPA and the FCC's regulations.

52.     RingCentral's actions caused damages to Plaintiff and the other Class members.  Receiving RingCentral's junk faxes caused the recipients to lose paper and toner consumed in the printing of RingCentral's faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff

time, as Plaintiff and its employees wasted their time receiving, reviewing and routing RingCentral's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. RingCentral's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of Exhibit A or Exhibit B occurred outside RingCentral's premises.

53.     Even if RingCentral did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with RingCentral's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

## SECOND CAUSE OF ACTION

### Conversion

54.     Plaintiff incorporates the preceding paragraphs up to the First Cause of Action as though fully set forth herein.

55.     Plaintiff brings the Second Cause of Action on behalf of itself and a class of similarly situated persons and against RingCentral.

56.     By sending unsolicited faxes to Plaintiff and the other Class members, RingCentral improperly and unlawfully converted their fax machines, toner and paper to RingCentral's own use.  RingCentral also converted Plaintiff's employees' time to its own use.

57.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

58.     By sending the unsolicited faxes, RingCentral permanently misappropriated the Class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

59.    RingCentral knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

60.    Plaintiff and the other Class members were deprived of the use of their fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from RingCentral.

61.    Each of RingCentral's unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing RingCentral's illegal faxes. RingCentral knew or should have known employees' time is valuable to Plaintiff.

## PRAYER FOR RELIEF

As to the First Cause of Action, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against RingCentral as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in statutory damages for each violation of the TCPA;

C.    That, if RingCentral's conduct was knowing or willful, the Court treble those damages;

D.    That the Court enter an injunction prohibiting RingCentral from engaging in the violations at issue in this action; and

E.    That the Court award costs and such further relief as the Court may deem just and proper.

As to the Second Cause of Action, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against RingCentral as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award punitive damages;

D.     That the Court award reasonable attorney's fees;

E.     That the Court award costs of suit; and

F.     That the Court award such further relief as it may deem just and proper.

Dated: April 21, 2016                    Respectfully submitted,


                                         By:     */s/Denise L. Díaz*
                                                 Denise L. Díaz

                                         DIAZ LAW
                                         P.O. Box 211444
                                         Chula Vista, CA 91921
                                         Telephone: 650.208.0193
                                         Facsimile:  267.276.6067
                                         E-mail: denise@diaz-law.com


                                         Phillip A. Bock (pro hac vice to be sought)
                                         Tod A. Lewis (pro hac vice to be sought)
                                         BOCK, HATCH, LEWIS & OPPENHEIM, LLC
                                         134 N. La Salle St., Ste. 1000
                                         Chicago, IL  60602
                                         Telephone:  312-658-5500

                                         *Attorneys for Plaintiff and the Class*

**EXHIBIT A**

# FAX

| **Date:** | 04/13/2016 |
|---|---|

| Pages including cover sheet: | *4* |
|---|---|

| **To:** | Phillip J Barron |
|---|---|
| | |
| | |
| | |
| | |
| **Phone** | |
| **Fax Number** | +1 (713) redacted |

| **From:** | Shahed Khan |
|---|---|
| | Aplomb Corporate Training |
| | |
| | |
| | TX              77382 |
| | |
| **Phone** | *(281) 661-1002 * 101* |
| **Fax Number** | *(281) 661-1004* |

## NOTE:

INTERNATIONAL BUSINESS DEVELOPMENT & EXPORTS COUNSELING SEMINAR

On Wednesday, April 27th, 2016, at The North Houston Hilton Hotel

Good day,

We invite you to attend our SEMINAR to find out about the `Top Emerging Global Markets¿ that are best suited for your exports.

Billions of US Dollars are allocated towards the development of sectors such as:
-- HEALTHCARE & MEDICAL SUPPLIES
-- INFORMATION TECHNOLOGY (IT)
-- EDUCATION
-- FURNITURE AND HOME FURNISHING ACCESSORIES
With An Enormous Consumer Market As Well.

You will get a head-start after this seminar and save a lot of valuable time and resources trying to learn the International Trade and understand its barriers.        Hope to see you there.

FOR REGISTRATION AND PAYMENT, PLEASE VISIT  www.AplombCT.com Â¿ ☐
TO OPT OUT, PLEASE CIRCLE THIS LINE AND FAX ONLY THE COVER PAGE BACK
TO US Â¿ THANK YOU VERY MUCH

Send and receive faxes with RingCentral, www.ringcentral.com            **RingCentral**

**EXHIBIT B**

# Facsimile

**Note:**

| | | | |
|---|---|---|---|
| **To:** | {Recipient Name} | **From:** | {Sender Name} |
| | {Recipient Company} | | {Sender Company} |
| | {Recipient Street} | | {Sender Address} |
| | {Recipient City} | | {Sender City} |
| | {Recipient State/C {Recipient Zip | | {Sender State}   {Sender ZipCode} |

| | | | |
|---|---|---|---|
| **Phone:** | {Recipient Phone} | **Phone:** | { Sender Phone } |
| **Fax:** | {Recipient Fax} | **Fax:** | { Sender Fax } |

**Date:**   {Date}

**Pages:**   1

Send and receive faxes with RingCentral, www.ringcentral.com



# Happy Birthday!

**Note:**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**To:**     {Recipient Name}          **From:**     {Sender Name}

{Recipient Company}          {Sender Company}

{Recipient Street}          {Sender Address}

{Recipient City}          {Sender City}

{Recipient State/ {Recipient Zi|          {Sender State} {Sender ZipCode}

**Phone:**     {Recipient Phone}          **Phone:**     {Sender Phone}

**Fax**     {Recipient Fax}          **Fax Phone:**     {Sender Fax}

**Date:**     {Date}

**Pages:**     1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Send and receive faxes with RingCentral, www.ringcentral.com          **RingCentral**

{ NOTE... }

# Facsimile Cover Sheet

| | |
|---:|:---|
| **To:** | {Recipient Name} |
| **Company:** | { Recipient Company } |
| **Phone:** | {Recipient Phone} |
| **Fax:** | { Recipient Fax } |
| | |
| **From:** | { Sender Name } |
| **Company:** | { Sender Company } |
| **Phone:** | { Sender Phone } |
| **Fax:** | { Sender Fax } |
| | |
| **Date:** | { Date } |
| **Pages including this cover page:** | 1 |

## Comments:

{ NOTE... }

# Facsimile Cover Sheet

**To:** {Recipient Name}
**Company:** { Recipient Company }
**Phone:** {Recipient Phone}
**Fax:** { Recipient Fax }

**From:** { Sender Name }
**Company:** { Sender Company }
**Phone:** { Sender Phone }
**Fax:** { Sender Fax }

**Date:** { Date }
**Pages including this cover page:** 1

**Comments:**

{ NOTE... }

# CONFIDENTIAL

| **To:** | {Recipient Name} | **From:** | {Sender Name} |
|---|---|---|---|
| | {Recipient Company} | | {Sender Company} |
| | {Recipient Street} | | {Sender Address} |
| | {Recipient City} | | {Sender City} |
| | {Recipient Sta  {Recipient Zi | | {Sender State} {Sender Zip( |

**Phone:**     *{Recipient Phone}*

**Fax Phone:**  *{ Recipient Fax }*

**Phone:**     *{ Sender Phone }*

**Fax Phone:**  *{ Sender Fax }*

**Date:**     { Date }

**Pages including cover  sheet:**     *1*

**Note:**

**RingCentral**

# FAX

| Date: | { Date } |
|---|---|

| Pages including cover  sheet: | *1* |
|---|---|

| **To:** | {Recipient Name} |
|---|---|
| | {Recipient Company} |
| | {Recipient Street} |
| | {Recipient City} |
| | {Recipient Sta {Recipient Z |
| | |
| **Phone** | *{Recipient Phone}* |
| **Fax Number** | *{ Recipient Fax }* |

| **From:** | {Sender Name} |
|---|---|
| | {Sender Company} |
| | {Sender Address} |
| | {Sender City} |
| | {Sender State}   {Sender Zip( |
| | |
| **Phone** | *{ Sender Phone }* |
| **Fax Number** | *{ Sender Fax }* |

**NOTE:**

{ NOTE... }

**RingCentral®**

#  FACSIMILE TRANSMISSION 

**To:**   {Recipient Name}          **From:**   {Sender Name}

{Recipient Company}                {Sender Company}

{Recipient Street}                 {Sender Address}

{Recipient City}                   {Sender City}

{Recipient Sta {Recipient ZipCc   {Sender State} {Sender ZipCode

**Note:**

**Phone:**   {Recipient Phone}        **Phone:**   { Sender Phone }

**Fax Phone:**  { Recipient Fax }      **Fax Phone:**  { Sender Fax }

**Date:**   { Date }

**Pages including**   *1*
**cover  sheet:**



**FAX**

| | | | |
|---|---|---|---|
| *To:* | {Recipient Name} | *From:* | {Sender Name} |
| | {Recipient Company} | | {Sender Company} |
| | {Recipient Street} | | {Sender Address} |
| | {Recipient City} | | {Sender City} |
| | {Recipient Sta  {Recipient Zi | | {Sender State} {Sender ZipC |

| | | | |
|---|---|---|---|
| *Phone:* | {Recipient Phone} | *Phone:* | { Sender Phone } |
| *Fax Phone:* | { Recipient Fax } | *Fax Phone:* | { Sender Fax } |

*Date:*  { Date }

*Pages including
cover  sheet:*      1

*Note:*

Send and receive faxes with RingCentral, www.ringcentral.com

**RingCentral**

# FACSIMILE TRANSMISSION

**To:** {Recipient Name}

{Recipient Company}

{Recipient Street}

{Recipient City}

{Recipient Sta {Recipient ZipCode}

**From:** {Sender Name}

{Sender Company}

{Sender Address}

{Sender City}

{Sender State} {Sender ZipCode}

**Phone:** {Recipient Phone}

**Fax Phone:** {Recipient Fax}

**Phone:** {Sender Phone}

**Fax Phone:** {Sender Fax}

**Note:**

**Date:** {Date}

**Pages:** 1

# FAX

**Date:** { Date/Time }

Number of pages including cover *1*

**To:**

{Recipient Name}

{Recipient Company}

{Recipient Street}

{Recipient City}            {Recipient St

{Recipient ZipCode}

**Phone:**     {Recipient Phone}

**Fax Phone:** { Recipient Fax }

**From:**

{ Sender Name }

{Sender Company}

{Sender Address}

{Sender City}            {Sender Stat

{Sender ZipCode}

**Phone:**     { Sender Phone }

**Fax Phone:** { Sender Fax }

*REMARKS:*

{ NOTE... }

**RingCentral**

# FAX

**Date**  { Date }

Number of pages including cover sheet:  *1*

**To:**

{Recipient Name}

{Recipient Company}

{ Recipient Street }

{ Recipient City }      {Recipient State}

{Recipient ZipCode}

***Phone***        *{Recipient Phone}*

***Fax Phone***  *{ Recipient Fax }*

**From:**

{Sender Name}

{Sender Company}

{Sender Address}

{Sender City}          {Sender State}

{Sender ZipCode}

***Phone***          *{ Sender Phone }*

***Fax Phone***  *{ Sender Fax }*

**REMARKS:**

{ NOTE... }

**RingCentral**®

# URGENT FAX MESSAGE!

| | | | |
|---|---|---|---|
| **To:** | {Recipient Name} | **From:** | {Sender Name} |
| | {Recipient Company} | | {Sender Company} |
| | {Recipient Street} | | {Sender Address} |
| | {Recipient City} | | {Sender City} |
| | {Recipient State/  {Recipient Zi| | | {Sender State} {Sender ZipCode} |

**Phone:** {Recipient Phone}        **Phone:** {Sender Phone}

**Fax** {Recipient Fax}              **Fax Phone:** {Sender Fax}

**Date:** {Date}

**Pages:** 1

**Note:**

# URGENT FAX MESSAGE!