United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUPPLY PRO SORBENTS, LLC,

        Plaintiff,

v.

RINGCENTRAL, INC.,

        Defendant.

_____/

No. C 16-02113 JSW

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING AS MOOT MOTION TO STAY**

Now before the Court are the motion to dismiss and the motion to dismiss or to stay this action pursuant to the doctrine of primary jurisdiction filed by Defendant RingCentral, Inc. ("Defendant"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court HEREBY GRANTS Defendant's motion to dismiss the complaint with leave to amend and DENIES the motion to dismiss or to stay this action as moot without prejudice to refiling.

**BACKGROUND**

Supply Pro Sorbents, LLC ("Plaintiff") brings this action on behalf of itself and purportedly on behalf all others similarly situated, challenging Defendant's practice of adding unsolicited advertising information to the single line identifier on the bottom of the cover page of documents sent by facsimile. (Complaint ¶ 1.) Defendant operates a cloud-based business communications service. (*Id.* at ¶ 2.) As a part of that service, Defendant provides its users with a system to send and receive faxes and provides form fax cover sheets for the users' selection. (*Id.* at ¶¶ 2, 21.)

**United States District Court**
For the Northern District of California

1    On or about April 13, 2016, Plaintiff received a fax ("Subject Fax") which included a cover

2    sheet with an identifier that contains Defendant's logo and a single line of text which states "Send

3    and receive faxes with RingCentral, www.ringcentral.com."  (*Id.* at ¶¶ 14, 16; Ex. A.)  Although

4    Defendant provides several cover sheets for its users' selection, Plaintiff alleges each of them

5    includes the same unsolicited one-line identifier at the bottom.  Plaintiff claims that the unsolicited

6    message constitutes advertising in violation of the Telephone Consumer Protection Act, 47 U.S.C.

7    Section 227 (the "TCPA") which prohibits a person from sending any advertisement by facsimile

8    without the recipient's prior express invitation or permission.  (*Id.* at ¶ 3, 37-53.)  Plaintiff also

9    alleges a second cause of action for conversion, claiming that by sending unsolicited faxes to

10   Plaintiff and other class members, Defendant improperly and unlawfully converted their fax

11   machines, toner and paper, and Plaintiff's employee time to its own use.  (*Id.* at ¶ 56.)

12   Defendant moves to dismiss the TCPA claim based on lack of standing and the conversion

13   claim based on failure to state a claim upon which relief can be granted.  In a separate motion,

14   Defendant moves to dismiss or to stay this action pursuant to the doctrine of primary jurisdiction.

15   Defendant has filed a Petition for Expedited Declaratory Ruling with the Federal Communications

16   Commission ("FCC") seeking clarification of the term "sender" under 47 C.F.R. Section

17   64.1200(f)(10) and to clarify the precise scope of "non-advertisement communications with

18   incidental or *de minimus* advertising information."  (*See* Motion to Stay, Ex. A.)

19   The Court shall address other specific facts in the remainder of its order.

**ANALYSIS**

21   **A.    Legal Standards on a Motion to Dismiss.**

22   The Court evaluates the motion to dismiss for lack of Article III standing pursuant to Rule

23   12(b)(1).  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A motion to dismiss for lack of

24   subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual."  *Safe Air for Everyone v.*

25   *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Here, Defendant raises a facial challenge to Plaintiff's

26   standing.  Therefore, the Court "must accept as true all material allegations in the complaint, and

27   must construe the complaint in" Plaintiff's favor.  *Chandler v. State Farm Mut. Auto Ins. Co.*, 598

28   F.3d 1115, 1121-22 (9th Cir. 2010); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

1   (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's

2   conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace

3   those specific facts that are necessary to support the claim.") (internal cite and quotations omitted).

4       "The jurisdictional question of standing precedes, and does not require, analysis of the

5   merits." *Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th

6   Cir. 2008). Thus, the fact that a plaintiff may allege facts that, at the pleading stage, satisfy the

7   requirements for Article III standing does not mean these same facts would be sufficient to state a

8   claim. *See Doe v. Chao*, 540 U.S. 614, 624-25 (2004); *In re Facebook Privacy Litig.*, 791 F. Supp.

9   2d 705, 712 n.5 (N.D. Cal. 2011) (quoting *Doe*, 540 U.S. at 624-25).

10       A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

11   pleadings fail to state a claim upon which relief can be granted. A motion to dismiss should not be

12   granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or

13   her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Thus, dismissal is proper "only if it is

14   clear that no relief could be granted under any set of facts that could be proved consistent with the

15   allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The complaint is construed in

16   the light most favorable to the non-moving party and all material allegations in the complaint are

17   taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not

18   required to accept legal conclusions cast in the form of factual allegations, if those conclusions

19   cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752,

20   754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

21   **B.**    **Article III Standing.**

22       The Court lacks jurisdiction to hear cases that do not present a justiciable case or

23   controversy. Indeed, no principle is more fundamental to the role of the judiciary than the

24   "constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v.*

25   *Byrd*, 521 U.S. 811, 818 (1997). A party seeking to invoke the federal court's jurisdiction bears the

26   burden of demonstrating that he has standing to sue. *See Lujan*, 504 U.S. at 561. To satisfy the

27   constitutional requirements to establish standing, a plaintiff must demonstrate: (1) that he has

28   "suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and

**United States District Court**
For the Northern District of California

3

particularized, . . . and (b) actual or imminent, not conjectural or hypothetical;" (2) that the injury was caused by, or is "fairly . . . trace[able] to the challenged action of the defendant;" and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-61 (citations omitted).  If the plaintiff fails to satisfy the constitutional requirements to establish standing, the Court lacks jurisdiction to hear the case and must dismiss the complaint.  *See Valley Forge Christian Col. v. Americans United for Separation of Church and State*, 454 U.S. 464, 475-76 (1982).  The plaintiff bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990); *see also San Diego County Gun Rights Comm v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).  Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element.  *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

Here, Defendant challenges the claims that Plaintiff has suffered an injury-in-fact as is required to demonstrate standing to sue.  Defendant also alleges that Plaintiff cannot demonstrate that any alleged injury was fairly traceable to Defendant's conduct and not the result of some independent action from a third party.  The Court shall address each argument in turn.

**1.      Injury.**

The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  47 U.S.C. § 227(a)(1)(C). The Act provides a private right of action, permitting plaintiffs to seek (1) to enjoin a violation of the Act; (2) to recover for actual monetary loss from such a violation or to receive $500, whichever is greater; or (3) both (1) and (2).  47 U.S.C. § 227(b)(3).  However, in order to have standing to allege a violation of this provision of the TCPA, a plaintiff must allege more than a mere statutory violation.  *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1549 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation").  For this reason, Plaintiff may not "allege a bare procedural violation, divorced from any real harm, and satisfy the injury-in-fact requirement of Article III."  *Id.* (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.").

United States District Court

For the Northern District of California

Here, the Court finds that Plaintiff has failed to meet the constitutional requirements to establish standing to sue.  Plaintiff has not demonstrated that it has actually suffered an injury-in-fact which is concrete and imminent, and not conjectural or hypothetical.  In order to establish an injury-in-fact, "the injury plaintiff alleges must be unique to that plaintiff, one in which he has a 'personal stake' in the outcome of a litigation seeking to remedy that harm." *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002).  Plaintiff has failed to articulate any unique and concrete injury – beyond merely alleging a statutory violation – that was caused by the incidental transmission of an identifier at the bottom of a four-page facsimile.

In its complaint, Plaintiff alleges that "[u]nsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else, A junk fax interrupts the recipient's privacy.  Unsolicited faxes tie up telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient's fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message."  (Complaint at ¶¶ 7, 52.)  Although these facts may generally be true of unsolicited fax advertisements, it is not clear how Plaintiff alleges it specifically suffered these particular harms from the single line identifier on the optional cover sheet of a solicited four-page fax it received.  In addition, in its opposition to the motion to dismiss, Plaintiff merely identifies its injury as the alleged statutory infraction.  That is insufficient for the purpose of alleging Article III standing.  Accordingly, without Plaintiff establishing standing to sue, the Court must GRANT the motion to dismiss.  Although it is not clear how Plaintiff could identify sufficient injury-in-fact to rise to the level of constitutional standing, the Court GRANTS Plaintiff leave to amend to allege facts in support of a specific and cognizable injury-in-fact it alleges to have suffered.

### 2.      Traceability.

The second contested element to establish standing to sue is the injury must have been caused by or is fairly traceable to the challenged action of the defendant.  *See Lujan* , 504 U.S. at 560-61.  Defendant contends that it does not serve as a "sender" of the Subject Fax and cannot therefore have caused the harm (or fall under the statutory provisions of the TCPA).  The TCPA and

United States District Court

For the Northern District of California

the FCC's regulations implementing the Act provide that a person may not send an unsolicited advertisement. "In 2006, the FCC promulgated in the Code of Federal Regulations a definition describing who can be held liable as the 'sender' of a fax advertisement . . .  The codified definition provides that '[t]he term sender . . . means the person or entity [1] on whose behalf a facsimile unsolicited advertisement is sent or [2] whose goods or services are advertised or promoted in the unsolicited advertisement.'"  *Siding and Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886, 891 (6th Cir. 2016) (citing 47 C.F.R. § 64.1200(f)(10)).

Defendant operates a cloud-based business communications service.  (Complaint at ¶ 2.)  As part of that service, Defendant "provides form fax cover sheets to be used with outgoing faxes." (*Id.*)  Defendant contends that the choice of fax cover sheet and the Subject Fax itself was sent on behalf of one of Defendant's users, not by Defendant directly.  Defendant argues that Plaintiff was going to receive the Subject Fax regardless whether the cover sheet was one the user chose or created.  (Motion at 5.)  In this instance, the preoccupation with the Plaintiff's fax line was not caused by the disputed identifier, but rather by the third party's solicited message that Plaintiff would have received regardless of the one-line identifier.  On these alleged facts, Defendant contends that the transmission of the fax was the "result of the independent action of some third party not before the court."  (*Id.* at 6, citing *Native Village of Kivalina v. ExxonMobil Corp.*, 663 F. Supp. 2d 863, 878 (N.D. Cal. 2009)).

However, the Court finds that the definition of "sender" in the operative regulations permits the inclusion of Defendant and its services under the facts as currently alleged.  The regulations provide that the term "sender" may include one "whose goods or services are advertised or promoted in the unsolicited advertisement.'"  47 C.F.R. § 64.1200(f)(10).  Because the Court finds that the identifier promotes Defendant's services, the Court finds this allegation sufficient to permit Defendant to fall with the statutory definition of sender, regardless of the participation of the third party user in the transaction.[1]

---

[1]    The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(a)(5).  The question whether the small percentage of advertising on an otherwise solicited fax

1    Because the Court finds that Plaintiff lacks standing to allege its claims under the FTCA for

2    lack of allegations of suffering an actual injury-in-fact, the Court GRANTS Defendant's motion to

3    dismiss the first claim for relief with leave to amend.

4    **C.      Conversion Claim.**

5          Conversion is the "unauthorized and wrongful assumption and exercise of dominion and

6    control over the personal property or another, to the exclusion of or inconsistent with the owner's

7    rights." *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971).  To state a claim for

8    conversion under either Texas or California law, a plaintiff must allege: (1) plaintiff was entitled to

9    possession of the property; (2) defendant unlawfully or without authorization assumed and exercised

10   dominion over the property to the exclusion of, or inconsistent with, plaintiff's rights; (3) plaintiff

11   made a demand for the property; and (4) defendant refused to return it.  *See, e.g., Wise v. SR Dallas,*

12   *LCC*, 436 S.W.3d 402, 412 (Tex. App. 2014); *see also Burlesci v. Petersen*, 68 Cal. App. 4th 1062,

13   1066 (1998) ("The elements of a conversion claim are: (1) the plaintiff's ownership or right to

14   possession of the property; (2) the defendant's conversion by a wrongful act or disposition of

15   property rights; and (3) damages.").

16         Plaintiff alleges that "[b]y sending unsolicited faxes to Plaintiff and the other Class members,

17   [Defendant] improperly and unlawfully converted their fax machines, toner and paper to

18   [Defendant's] own use. [Defendant] also converted Plaintiff's employees time to its own use."

19   (Complaint at ¶ 56.)  Even if the Court accepts the minimal use of Plaintiff's paper and toner and

20   employee time used on the single-line identifier of the cover sheet of a four-page fax qualifies as

21   unauthorized use of the Plaintiff's property, such property never came into Defendant's possession

22   or was unlawfully held in such a way as to indicate that Defendant "assumed control, dominion or

23   ownership of the property." *Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443, F.

24   Supp. 2d 976, 980 (N.D. Ill. 2006) (quoting *Cirrincione v. Johnson*, 184 Ill.2d 109, 114-15 (1998)).

25   Also, as addressed by the Court in the first cause of action under the TCPA, it is unclear what

26

27   constitutes an unsolicited advertisement is also the subject of Defendant's pending petition to the FCC.
     Should the find that Plaintiff has standing, the Court would then address the motion to stay in pursuant
     to the doctrine of primary jurisdiction.  However, at this procedural posture, the Court finds the motion

28   to stay moot and it is therefore DENIED with prejudice to refiling should Plaintiff allege sufficient facts
     to establish standing under the FTCA claim.

damage Plaintiff alleges it suffered as a result of Defendant's conduct.  Accordingly, the Court GRANTS Defendant's motion to dismiss the second cause of action for conversion with leave to amend.

## CONCLUSION

Based on the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with leave to amend and DENIES Defendant's motion to stay this action pursuant to the doctrine of primary jurisdiction without prejudice to refiling.

The Court provides Plaintiff with leave to amend.  Plaintiff shall file its amended complaint, if any, within twenty days of the date of this Order.  If Plaintiff files an amended complaint in accordance with this Order, Defendant shall either file its response within twenty days of service of the amended complaint.

**IT IS SO ORDERED.**

Dated:   October 7, 2016

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

8