FILED

**NOT FOR PUBLICATION**

NOV 20 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUPPLY PRO SORBENTS, LLC, | No.    17-16528 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-02113-JSW |
| v. | |
| RINGCENTRAL, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted November 16, 2018[**]
San Francisco, California

Before:  HAWKINS, GRABER, and THACKER,[***] Circuit Judges.

Defendant RingCentral, Inc. ("RingCentral") operates an online service that

allows its customers to send faxes using a cover sheet that includes a one-line

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

statement, "Send and receive faxes with RingCentral, www.ringcentral.com RingCentral®" (the "Identifier").  Plaintiff Supply Pro Sorbents, LLC ("Sorbents") claims that this practice violates the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and constitutes common law conversion.  The district court granted RingCentral's motion to dismiss.  Sorbents timely appeals.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court determined that Sorbents' injury, if any, did not confer Article III standing because it was *de minimis*.  On appeal, Sorbents argues that receiving any unsolicited advertisement by fax is sufficient to establish standing under the TCPA without any additional showing.  But, even if Sorbents had standing, its statutory claims fail because the Identifier is not an "unsolicited advertisement."  *See* 47 U.S.C. § 227(a)(5), (b)(1)(C).   The Federal Communications Commission ("FCC") administers the TCPA, *see* 47 U.S.C. § 227(b)(2); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009), so its interpretation of the TCPA is due at least *Skidmore* deference.  *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1994). The FCC's *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* and *Junk Fax Prevention Act of 2005*, 71 Fed. Reg. 25,967-01 (May 3, 2006), offer a reasonable interpretation of the statute.  Following the FCC's guidance, we find that the one-line Identifier is an "incidental advertisement" that "does not

2

convert the entire communication into an advertisement," considering "the amount of space devoted to advertising versus the amount of space used for information." *See id.* at 25,973.

Sorbents' conversion claim also fails.  RingCentral neither intentionally nor actually controlled Sorbents' fax machine because RingCentral's customers, rather than RingCentral itself, chose to send the fax containing the Identifier.  *See* RESTATEMENT (SECOND) OF TORTS § 222A ("Conversion is an intentional exercise of dominion or control over a chattel . . .").  Moreover, the damages claimed by Sorbents—the resources used to print the Identifier—are too minimal to support a claim for conversion under the doctrine of *de minimis non curat lex*.  *See id.* § 222 cmt. a ("There may, however, be minor and unimportant dispossessions . . . which do not . . . amount to conversion.").[1]

**AFFIRMED**.

---

[1] In their submissions to the district court and on appeal, the parties agree that either the law of Texas, where Sorbents is domiciled, or of California, where RingCentral is domiciled, governs Sorbents' conversion claims.  The district court applied California law.  We express no view on this issue, except to note that Sorbents' claim would fail under the law of either state.  In both states, a defendant commits conversion by intentionally controlling a plaintiff's property, *see Ananda Church of Self-Realization v. Mass. Bay Ins. Co.*, 116 Cal. Rptr. 2d 370, 376 (Ct. App. 2002); *Robinson v. Nat'l Autotech, Inc.*, 117 S.W.3d 37, 40 (Tex. App. 2003), and both states recognize the doctrine of *de minimis non curat lex*, *see Kullman v. Greenbaum*, 28 P. 674, 674–75 (Cal. 1891)*; Thompson v. Mannix*, 814 S.W.2d 811, 812 (Tex. App. 1991).